IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF COLORADO
**Magistrate Judge Kathleen M. Tafoya**

Civil Action No. 12–cv–01921–PAB–KMT

DELMART E.J.M. VREELAND, II,

    Plaintiff,

v.

JOHN W. SUTHERS, Attorney General,
TOM CLEMENTS, Executive Director, CDOC, and
SERGEANT GRIGGS, CDOC/BVCF Mailroom,

    Defendants.

## ORDER

This matter is before the court on "Plaintiff's Motion to Rule on Plaintiff's Previously Filed Objection to U.S. Magistrate Judge's Striking Plaintiff's Amended Complaint" (Doc. No. 46, filed February 21, 2013) and Plaintiff's "Objection by Plaintiff to Magistrate Judge Kathleen M. Tafoya's December 17, 2012 Order Striking Plaintiff's Amended Complaint" (Doc. No. 36, filed December 26, 2012).

This court previously struck Plaintiff's Amended Complaint because it was filed outside the time limits for filing an Amended Complaint as a matter of course under Fed. R. Civ. P. 15(a)(1), and therefore Plaintiff was required either to seek the court's leave or to obtain Defendants' written consent to the filing of his Amended Complaint pursuant to Fed. R. Civ. P. 15(a)(2). (*See* Doc. No. 32.) In Plaintiff's Objection (construed by District Judge Philip A.

Brimmer as a motion to reconsider), he explains that he filed motions to extend the time to file a response to Defendants' motion to dismiss and to file an amended complaint (*see* Doc. Nos. 23 & 26), and that because this court granted his motion to extend the time, he was within the time to file an amended complaint as a matter of course. (Doc. No. 32.)

Plaintiff is mistaken. First, in both orders issued by this court, the court addressed only the deadline to respond to the motion to dismiss. (*See* Doc No. 25, stating, "Plaintiff shall file his response to the motion to dismiss no later than November 30, 2012" and Doc. No. 28, stating, "Plaintiff may file his response no later than December 14, 2012.") Second, the plain language of Rule 15(a) provides, in pertinent part:

> (1) Amending as a Matter of Course. A party may amend its pleading once as a matter of course within:
> 	(A) 21 days after serving it, or
> 	(B) if the pleading is one to which a responsive pleading is required, 21 days after service of a responsive pleading or 21 days after service of a motion under Rule 12(b), (e), or (f), whichever is earlier.
> (2) Other Amendments. **In all other cases**, a party may amend its pleading **only** with the opposing party's written consent or the court's leave.

Fed. R. Civ. P. 15(a) (emphasis added). When Plaintiff filed his Amended Complaint on December 14, 2012, he was well outside the time period to file his pleading as a matter of course. Thus, in order to amend his complaint, he had to comply with Rule 15(a)(2).

The court properly struck Plaintiff's Amended Complaint. Therefore, it is

**ORDERED** that "Plaintiff's Motion to Rule on Plaintiff's Previously Filed Objection to U.S. Magistrate Judge's Striking Plaintiff's Amended Complaint" (Doc. No. 46) is **GRANTED** and Plaintiff's "Objection by Plaintiff to Magistrate Judge Kathleen M. Tafoya's December 17,

2012 Order Striking Plaintiff's Amended Complaint" (Doc. No. 36) (construed by Judge Brimmer as a motion to reconsider) is **DENIED**. Plaintiff may file a motion to amend his complaint, attaching the proposed amended complaint, no later than **March 8, 2013**. This court will abstain from issuing a recommendation on the Motion to Dismiss at this time. If Plaintiff files a proper motion to amend his complaint, the court will await briefing on the motion to amend and issue its recommendation or order on the motion to amend before issuing a recommendation on the Motion to Dismiss.

Dated this 21st day of February, 2013.

BY THE COURT:

Kathleen M. Tafoya
United States Magistrate Judge