IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF COLORADO
**Judge Philip A. Brimmer**

Civil Action No. 12-cv-01921-PAB-KMT

DELMART E.J.M. VREELAND, II,

      Plaintiff,

v.

RICHARD RAEMISCH, Executive Director of the CDOC, and
SERGEANT GRIGGS, CDOC/BVCF Mailroom,

      Defendants.

_____

# ORDER

_____

      This matter is before the Court on the Recommendation of United States Magistrate Judge (the "Recommendation") [Docket No. 67] filed on June 14, 2013.  The magistrate judge recommends that the Court grant the Motion to Dismiss [Docket No. 19] filed by defendants Richard Raemisch, executive director of the Colorado Department of Corrections ("CDOC"), and Sergeant Griggs, as well as grant in part and deny in part plaintiff Delmart E.J.M. Vreeland's Motion for Leave to File an Amended Complaint [Docket No. 55].[1]  On July 31, 2013, plaintiff filed timely objections [Docket No. 70] to the Recommendation.  Therefore, the Court will "determine de novo any part of the magistrate judge's disposition that has been properly objected to."  Fed. R. Civ. P. 72(b)(3).

_____

      [1]The Court dismissed defendant John W. Suthers from this case, *see* Docket No. 63, and substituted Richard Raemisch as defendant in place of Roger Werholtz pursuant to Fed. R. Civ. P. 25(d).  *See* Docket No. 74.  Accordingly, when plaintiff's complaint refers to defendant Clements, the Court has substituted this reference for defendant Raemisch.

In light of plaintiff's pro se status, the Court reviews his filings liberally.  *See*

*Haines v. Kerner*, 404 U.S. 519, 520 (1972); *Hall v. Bellmon*, 935 F.2d 1106, 1110 n. 3

(10th Cir. 1991).  Because the Recommendation contains a detailed statement of the

case, the Court will only discuss the facts relevant to the resolution of plaintiff's

objections.

## I.  MOTION TO DISMISS

### A.  Denial of First Amended Complaint

On November 6, 2012, plaintiff filed a Motion for Enlargement of Time to Submit

Reply to Motion to Dismiss with Amended Complaint [Docket No. 23].  On November 8,

2012, the magistrate judge granted plaintiff leave to file a response to defendant's

motion to dismiss no later than November 30, 2012.  Docket No. 25.  The magistrate

judge did not discuss plaintiff's request for an extension of time to file an amended

complaint.  *Id*.  On November 30, 2012, plaintiff requested additional time to file a

response, Docket No. 26, which the magistrate judge granted.  Docket No. 28.  On

December 14, 2012, plaintiff filed an amended complaint, Docket No. 30, which the

magistrate judge struck as untimely on December 17, 2012.  Docket No. 32.  On

December 26, 2012, plaintiff filed a motion for reconsideration arguing that his

amended complaint was timely due to the aforementioned extensions.  Docket No. 36.

On February 21, 2013, the magistrate judge denied plaintiff's motion for reconsideration

finding no error in striking the complaint, but nevertheless granted plaintiff leave to file

an amended complaint.  Docket No. 49 at 2-3.  Plaintiff now objects to the magistrate

judge's order striking the December 14, 2012 amended complaint.  Docket No. 70 at 7.

Because plaintiff was granted leave to file a proposed second amended complaint, *see* Docket No. 55-1, the magistrate judge's order striking the December 14, 2012 amended complaint did not prejudice plaintiff's case in any significant manner and the Court finds no error with the magistrate judge's order. *See Frank v. U.S. West, Inc.*, 3 F.3d 1357, 1365 (10th Cir. 1993)

### B.   Monetary Damages

The Recommendation found that plaintiff could not raise claims for monetary damages against defendants in their official capacities because such claims are barred by the Eleventh Amendment. Docket No. 67 at 9. Plaintiff states in his objections that he does not raise claims for monetary relief against defendants in their official capacities. Docket No. 70 at 8-9. Accordingly, the Court finds no error with this aspect of the Recommendation. *See Buchwald v. Univ. of New Mexico Sch. of Med.*, 159 F.3d 487, 494-95 n. 3 (10th Cir. 1998).

### C.   Claim 1: Due Process

The Recommendation found that plaintiff could not assert a due process claim against Sergeant Griggs based on the confiscation of plaintiff's legal mail because plaintiff had an adequate post-deprivation remedy under Colorado law. Docket No. 67 at 12. Specifically, the Recommendation concluded that plaintiff did not allege that his state court remedies were inadequate or unavailable under Colo. Rev. Stat. § 24-10-118. *Id.* at 13. The Recommendation also denied plaintiff's request to amend his complaint on this basis. *Id.* at 13.

Plaintiff objects on the grounds that the remedies available for his due process claim are limited because the Colorado Governmental Immunity Act ("CGIA"), Colo. Rev. Stat. § 24-10-101 *et seq*., bars relief for inmates in state prisons under Colo. Rev. Stat. § 24-10-106(1.5)(a)(b).  Docket No. 70 at 13.  In addition, plaintiff claims that the monetary awards available under Colorado law will not sufficiently compensate for his damages.  *Id*.  In the alternative, plaintiff requests that the Court dismiss his due process claim without prejudice so that he may bring this claim in state court.  *Id*.

Generally, "if adequate state post-deprivation remedies are available," then intentionally depriving someone of property is not a violation of the Fourteenth Amendment.  *Durre v. Dempsey*, 869 F.2d 543, 547 (10th Cir. 1989) (citing *Hudson v. Palmer*, 468 U.S. 517, 533 (1984)).  An action in state court invoking the "willful and wanton" act exception to the CGIA pursuant to Colo. Rev. Stat. § 24-10-118(2) is an adequate post-deprivation remedy for due process violations.  *See Ali v. Reeves*, 232 F. App'x 777, 779 (10th Cir. 2007).  Although plaintiff states that he has failed in previous attempts to file a state court action for lost property, he has not shown that this remedy is wholly inadequate for the claim he raises here.  *Freeman v. Dep't of Corrs*., 949 F.2d 360, 362 (10th Cir. 1991) (noting that plaintiff must state "specific facts" showing that the state remedy is inadequate).  Thus, the Court finds no error with this aspect of the Recommendation.  *See Wardell v. Duncan*, 470 F.3d 954, 958 (10th Cir. 2006).  The Court will dismiss plaintiff's due process claim without prejudice so that plaintiff may pursue his state law remedies in state court under Colo. Rev. Stat. § 24-10-118.

4

### D.   Claims 2, 3, 5, and 8: Right of Access to Court

The Recommendation construed plaintiff's second, third, fifth, and eighth claims for relief as denial of access to court claims, which led to plaintiff's inability to file post-conviction motions for his Florida state court conviction, Docket No. 55-1 at 22-23, his Michigan state court conviction, and a federal habeas petition.  Docket No. 1 at 16.  The Recommendation found that plaintiff could not assert a denial of access to courts claim with regard to his habeas petition because plaintiff did not show actual injury given that the federal habeas petition was dismissed for failure to exhaust state court remedies. Docket No. 67 at 16-17; *see Vreeland v. John Davis*, No. 12-cv-02039-LTB (D. Colo. Feb. 26, 2013) [Docket No. 32].  The Recommendation concluded that plaintiff failed to raise viable claims of denial of access to court arising out of his inability to file adequate motions to alter judgments in his Michigan state court case and his Florida state court case because: (1) these denials arose out of Sergeant Griggs' 2010 actions and are time-barred; and (2) the Michigan and Florida civil actions are not "habeas corpus or civil rights actions regarding [plaintiff's] **current** confinement."[2]  Docket No. 67 at 17-18 n.17 (emphasis in original).  The Recommendation, however, granted plaintiff leave to amend his complaint to assert a claim arising out of his inability to file post-conviction motions in his Colorado state court case now that the Colorado Court of Appeals has dismissed plaintiff's direct appeal.  *Id*. at 17-18.

---

[2]As will be discussed below, the Court finds that plaintiff's claims against Sergeant Griggs arising out of the confiscation of plaintiff's legal mail on August 5, 2010 are not time barred since plaintiff raises this issue in his original complaint.  *See* Docket No. 1 at 4.

To raise a denial of access to court claim, plaintiff "must show that non-delivery of his legal mail resulted in 'actual injury' by 'frustrat[ing],' 'imped[ing],' or 'hinder[ing] his efforts to pursue a [nonfrivolous] legal claim.'" *Simkins v. Bruce*, 406 F.3d 1239, 1243 (10th Cir. 2005) (quoting *Lewis v. Casey*, 518 U.S. 343, 351-53 (1996)).  Conclusory allegations of injury will not suffice.  *Cosco v. Uphoff*, 195 F.3d 1221, 1224 (10th Cir. 1999); *cf. Simkins*, 406 F.3d at 1243-44 (recognizing a sufficient showing of actual injury where prisoner demonstrated specific impact on prosecution of particular case).

Plaintiff objects to the Recommendation on the grounds that Sergeant Griggs' confiscation of his mail in 2012 hindered his ability to file a successful federal habeas petition.[3]  Docket No. 70 at 17.  However, because plaintiff filed a federal habeas petition and it was rejected for failure to exhaust, plaintiff has not sufficiently alleged that he suffered an actual injury since he does not sufficiently allege that Sergeant Griggs' confiscation of his mail in 2012 led to the rejection of his federal habeas petition.  *See Penrod v. Zavaras*, 94 F.3d 1399, 1403 (10th Cir. 1996); *Simkins*, 406 F.3d at 1244 (noting that prisoner does not state claim for denial of right of access to court where "the underlying case was adversely decided on the basis of a deficiency logically and practically unrelated to the impediment created by the right-of-access defendants").

---

[3]Plaintiff did not object to the magistrate judge's reclassification of his due process claim as a First Amendment right of access claim, and the Court finds no error with this aspect of the Recommendation.  *See Al-Amin v. Smith*, 511 F.3d 1317, 1331 (11th Cir. 2008) (discussing legal mail and access to courts claims after *Turner v. Safley*, 482 U.S. 78 (1987)).

Next, plaintiff objects to the Recommendation on the grounds it stated that his Florida post-conviction motion was time barred; plaintiff claims that the Florida court instead denied his motion as legally insufficient.  Docket No. 70 at 19; *see also* Docket No. 55-1 at 188 (Florida state court order dated September 24, 2012).  Plaintiff argues that, because the Florida court granted him leave to file an amended petition, Sergeant Griggs' confiscation of his mail in 2010 and 2012 caused plaintiff actual injury as it hindered his ability to pursue his nonfrivolous claims in Florida.  Docket No. 70 at 19.

Because the Florida court did not rule on the merits of plaintiff's motion and granted plaintiff leave to file an amended response, there is no indication that plaintiff's post-conviction claim in Florida state court was frivolous.  *See Simkins*, 406 F.3d at 1244 (noting that "prejudice from the interference with plaintiff's legal mail is directly and inextricably tied to the adverse disposition of his underlying case . . .[and] there is no indication that any court ever considered that case frivolous").  Hence, give that plaintiff alleges that Sergeant Griggs' confiscation of plaintiff's mail hindered plaintiff's efforts to pursue a possibly nonfrivolous claim, plaintiff has standing to assert a denial of access to court claim based on his Florida state court conviction.  *Id*. (noting that "[d]epriving someone of an *arguable* (though not yet established) claim inflicts actual injury").  The Court will overrule this aspect of the Recommendation.

Plaintiff objects to the dismissal of his denial of access to court claim based on his Michigan state court case on the grounds that Sergeant Griggs hampered his ability to pursue his Michigan habeas petition.  Docket No. 70 at 21.  Plaintiff claims that his second amended complaint alleges a denial of access to court claim based on his pursuit of habeas relief in Michigan, and not for his failure to file a successful motion to

amend the Michigan judgment. *Id*. However, the documents plaintiff attaches to his complaint show that his Michigan post conviction filings only appeal his sentence of conviction and do not present a petition for habeas relief. *See* Docket No. 55-1 at 169-171; *id*. at 186. In addition, the Michigan court dismissed plaintiff's motion for relief from the judgment because the motion was untimely. *See id*. at 186. Thus, because plaintiff has not alleged that his appeal of the Michigan judgment was not frivolous, plaintiff does not show actual injury with regard to this claim. *Simkins*, 406 F.3d at 1244. Similarly, because plaintiff has yet to file a habeas petition in Michigan, he does not sufficiently allege that he has suffered an actual injury arising from the confiscation of his mail in 2012. *Penrod*, 94 F.3d at 1403. Thus, the Court finds no error with the Recommendation's dismissal of plaintiff's claim as it relates to the Michigan state court conviction. *Id*.

In summary, the Court finds that plaintiff has a cognizable denial of access to court claim based on his Florida state court conviction and any post-conviction motion for relief from the Colorado state court conviction. *Penrod*, 94 F.3d at 1403. In addition, the Court finds that Sergeant Griggs is not entitled to qualified immunity because "the principle that unimpeded transmission of inmate legal mail is the 'most obvious and formal manifestation' of the right of access to the courts."[4]  *Simkins*, 406 F.3d at 1243.

---

[4]The Court will address the claims raised against Director Raemisch based on supervisory liability during its discussion of plaintiff's First Amendment claims.

### E.   Claim 4: Sixth Amendment Right to Counsel

The Recommendation found that plaintiff could not assert a Sixth Amendment claim because the Sixth Amendment does not guarantee the right to counsel in civil proceedings or for filing habeas petitions.  Docket No. 67 at 18.  In addition, the Recommendation concluded that, because plaintiff maintained the ability to communicate with his attorney despite the confiscation of his mail, plaintiff did not sufficiently raise a Sixth Amendment claim in connection with the direct appeal of his 2006 Colorado state court conviction.  Docket No. 67 at 20.

In his objections, plaintiff argues that claim four of his proposed second amended complaint raises both a Sixth Amendment claim for denial of access to counsel and a First Amendment claim for violations of his right to consult with his attorney.[5]  Docket No. 70 at 22; *see DeLoach v. Bevers*, 922 F.2d 618, 620 (10th Cir. 1990) (noting that "[t]he right to retain and consult with an attorney, however, implicates not only the Sixth Amendment but also clearly established First Amendment rights of association and free speech").

The Sixth Amendment affords an inmate the right to counsel, including "meaningful access to his attorney" for the inmate's direct appeal of his criminal conviction.  *Mann v. Reynolds*, 46 F.3d 1055, 1061 (10th Cir. 1995) (internal citation omitted); *see also Sallier v. Brooks*, 343 F.3d 868 (6th Cir. 2003).  The latter includes an inmate's right to privately discuss his case with counsel.  *See Geders v. United States*, 425 U.S. 80 (1976).  Plaintiff, however, alleges no facts showing that the

---

[5]The Court will address plaintiff's First Amendment claims based on the denial of access to legal materials below in section I.I.

confiscation of his mail in 2010 interfered with his right to consult privately with his attorney.  Instead, plaintiff's only claim is that he had to pay an additional $4,000.00 in order to fly his attorney to Colorado from Oregon instead of being able to consult with his attorney in a less expensive manner after reading the legal materials.  Docket No. 55-1 at 6-7.  The fact that plaintiff paid $4,000.00 to fly his private attorney to Colorado and was able to communicate freely with him by telephone or other means, does not raise a viable Sixth Amendment claim.  *See U.S. v. Nichols*, 841 F.2d 1485, 1504 (10th Cir. 1988) (listing limitations to the Sixth Amendment right to counsel).  Accordingly, the Court finds no error with this aspect of the Recommendation.

### F.   Claims 6 and 7: Equal Protection

The Recommendation found that plaintiff failed to state an equal protection claim because plaintiff did not sufficiently allege that he was treated differently than other similarly situated inmates.  Docket No. 67 at 20-21.  In addition, the Recommendation concluded that plaintiff's proposed second amended complaint did not cure the deficiencies of the original complaint because it did not "allege *how* the other 400 inmates are similarly situated to [plaintiff]."  *Id*. at 21 (emphasis in original).

Plaintiff objects to the Recommendation, arguing that other inmates at Buena Vista Correctional Facility ("BVCF") are allowed to possess and review court documents that contain the names, addresses, phone numbers, and emails of victims and witnesses.  Docket No. 70 at 24-25.  Plaintiff contends that, because he was denied access to his court records and other documents, while other similarly situated inmates were not, he has sufficiently alleged an equal protection claim.  *Id*. at 25.

The Equal Protection Clause protects against disparate treatment when the government treats someone differently than another person who is similarly situated. *City of Cleburne v. Cleburne Living Ctr.*, 473 U.S. 432, 439 (1985).  Equal protection of the laws, however, does not guarantee equal results for all or suggest that the law may never draw distinctions between persons in meaningfully dissimilar situations, *SECSYS, LLC v. Vigil*, 666 F.3d 678, 684 (10th Cir. 2012); rather, the Equal Protection Clause seeks to ensure that any classifications the law makes are made "without respect to persons," that like cases are treated alike, that those who "appear similarly situated" are not treated differently without, at the very least, "a rational reason for the difference." *Engquist v. Oregon Dep't of Agric.*, 553 U.S. 591, 602 (2008).

Despite the fact that plaintiff claims in his objections that CDOC has given similarly-situated inmates case files with victim name and address information in them, Docket No. 55-1 at 30, the complaint and the proposed amended complaint do not so allege.  While the amended complaint states that all criminal court files contain the names and addresses of witnesses, including those of victims, it alleges that other inmates have "trial court transcripts, discovery, court files and witness lists," *id.* at 32, which does not allege that they possess witness addresses or victim names.  Moreover, the CDOC has administrative regulations regarding what type of legal materials an inmate may possess that plaintiff's equal protection argument does not take into account.  Plaintiff does not allege whether the court records that other inmates possess have been redacted pursuant to such regulations.  *See* CDOC Administrative Regulation ("AR") 750-03 § IV.K.7, Docket No. 55-1 at 122 (legal materials may not

11

contain "victim information; phone numbers, addresses, social security, SID, or FBI numbers of victims, witnesses or employees").

Moreover, plaintiff does not allege that he is similarly situated to other inmates in "all relevant respects" because he does not allege that other inmates at BVCF have access to court records that are otherwise non-public and sealed by court order, such as plaintiff does.  *See* Docket No. 55-1 at 35.

Accordingly, the Court finds no error with this aspect of the Recommendation. *See Coalition for Equal Rights, Inc. v. Ritter*, 517 F.3d 1195, 1199 (10th Cir. 2008) (noting that a person or group is "similarly situated" to another person or group when the two are alike in "all relevant respects"); *see Frazier v. Ortiz*, 417 F. App'x 768, 772 (10th Cir. 2011) (noting that inmate failed to show he was similarly situated to another inmate who was given access to Rolling Stone magazine while plaintiff was denied such access).

### G.   Claims 9 and 10: Fourth Amendment and Attorney-Client Privilege

The Recommendation found that plaintiff did not sufficiently allege a violation of his Fourth Amendment rights because plaintiff received correspondence from a private investigation firm, and not his attorney.  Docket No. 67 at 21-22.  In addition, the mail from the private investigation firm was not labeled according to CDOC regulations, thus precluding any reasonable expectation of privacy in the contents.  *See* AR 300-38 § IV.B.4, Docket No. 55-1 at 102 (noting that confidential letters from attorneys or their authorized representatives must include the attorney's first and last name, attorney

registration, bar or license number, attorneys's complete business address, and the

envelope must be clearly marked "PRIVILEGED" or "CONFIDENTIAL").

Plaintiff objects on the grounds that (1) he informed Sergeant Griggs in writing

that he was expecting legal mail from a private investigator retained by his lawyer,

containing sealed court documents; (2) the correspondence that arrived from the

investigator was clearly labeled "legal mail;"[6] (3) Sergeant Griggs saw the court order

sealing the documents when he opened the package, but nonetheless proceeded to

read the documents and distribute them to other prison officers; and

(4) correspondence from a private investigator should be subject to attorney-client

privilege when the investigator is part of the client's "legal team."  Docket No. 70 at 26-

27, 30.[7]

"The applicability of the Fourth Amendment turns on whether the person invoking

its protection can claim a justifiable, a reasonable, or a legitimate expectation of privacy

that has been invaded by government action."  *Hudson v. Palmer*, 468 U.S. 517, 525

(1984) (internal citations omitted).  "Determining whether an expectation of privacy is

---

[6]Plaintiff states in his objections that AR 300-38 "is an example of illegal regulation."  Docket No. 70 at 26.  Plaintiff did not make this argument in response to the motion to dismiss and the Court will not consider the regulation's legality under the Fourth Amendment for the first time through an objection.  *See Marshall v. Chater*, 75 F.3d 1421, 1426 (10th Cir. 1996) (noting that issues raised for the first time in objections to magistrate judge's recommendation are deemed waived).

[7]Plaintiff appears to assert a separate claim for "invasion of privileged communication."  Docket No. 55-1 at 37.  Attorney-client privilege is a rule of evidence and "its violation does not give rise to an independent cause of action against those who violated the confidentiality of the attorney-client relationship."  Paul R. Rice, 1 Attorney-Client Privilege in the U.S., § 2:3 (2012).  The Court will therefore consider plaintiff's arguments pertaining to privilege only in the context of his Fourth Amendment claim, to the extent they are relevant.

'legitimate' or 'reasonable' necessarily entails a balancing of interests." *Id*. at 527.  In this case, the interests at stake are "the interest of society in the security of its penal institutions" and plaintiff's interest in the privacy of correspondence related to his legal claims.  *See id*.

The regulation of prisoners' incoming and outgoing mail by prison officials is "essentially an administrative matter in which the courts will not intervene."  *United States v. Gordon*, 168 F.3d 1222, 1228 (10th Cir. 1999).  There is, however, a "narrow exception to this general rule" that affords constitutional protection to correspondence between a prisoner and "his attorney, or the courts, or appropriate state officials concerning either the legality of his conviction or the conditions of his incarceration." *LeVier v. Woodson*, 443 F.2d 360, 361 (10th Cir. 1971).  Regulations requiring that incoming mail from attorneys be clearly labeled as such and permitting officials to open legal mail in the presence of the prisoner to whom it is addressed do not violate the Constitution.  *Wolff v. McDonnell*, 418 U.S. 539, 576-77 (1974).

Plaintiff's allegations in his proposed amended complaint are insufficient to establish that he had a reasonable expectation of privacy in the correspondence from his private investigator.[8]  The Supreme Court has held that prisons have a legitimate penological interest in treating only mail that is marked as privileged and labeled with the attorney's name and address as protected communications.  *Id*. at 576-77.  "If

---

[8]Plaintiff's amended complaint also contains allegations regarding mail he received from his attorney on August 5, 2010.  Docket No. 55-1 at 37-39.  Plaintiff alleges that defendants read this mail, in violation of the First, Sixth, and Fourteenth Amendments.  *See id*. at 39.  These allegations will not be considered in the context of plaintiff's Fourth Amendment claim.

prison officials had to check in each case whether a communication was from an attorney before opening it for inspection, a near impossible task of administration would be imposed." *Id.* at 576.  Moreover, the CDOC's regulations on this point are clear: correspondence will only be considered restricted where it is marked with an attorney's first and last name, bar number, and complete business address.  AR 300-38, § IV.B.4, Docket No. 55-1 at 102.  In light of the clarity of these rules, it was not reasonable for plaintiff to expect that correspondence lacking the specified indicia would be treated as restricted, regardless of his personal requests to Sergeant Griggs.  Even assuming that plaintiff's communications with his private investigator would be protected in court by the evidentiary attorney-client privilege, which the Court need not decide for the purposes of this motion, plaintiff's interest in maintaining the privacy of such communications does not outweigh the CDOC's interest in ensuring that all mail not clearly marked as privileged, in accordance with its regulations, is free of contraband. *See Hudson*, 468 U.S. at 527-28.

Thus, plaintiff fails to state a claim under the Fourth Amendment.

### H.   Claim 11: Cruel and Unusual Punishment

The Recommendation found that plaintiff did not sufficiently allege an Eighth Amendment claim based on the deprivation of the minimal civilized measures of life's necessities.  Docket No. 67 at 27.  Therefore, the magistrate judge recommended dismissal of plaintiff's Eighth Amendment claim for failure to state a claim upon which relief may be granted.  *Id.* at 28.

Plaintiff objects on the grounds that "it is a necessity of life and freedom to have the legal documents required by law to file a challenge to an illegal incarceration." Docket No. 70 at 31.

The Eighth Amendment focuses on the "treatment a prisoner receives in prison and the conditions under which he is confined." *Farmer v. Brennan*, 511 U.S. 825, 832 (1994). In this regard, the Eighth Amendment imposes a duty upon prison officials to provide humane conditions of confinement and ensure that "inmates receive adequate food, clothing, shelter, and medical care, and must 'take reasonable measures to guarantee the safety of the inmates.'" *Id*. Because plaintiff's complaint about the confiscation of his mail does not qualify as a claim based on minimal measure of life's necessities under *Farmer*, the Court finds no error with this aspect of the Recommendation.[9]

### I.   Claim 12: First Amendment Right to Receive Legal Mail

The Recommendation concluded that plaintiff's claims against Sergeant Griggs for mishandling his mail should be considered under the First Amendment.[10]   Docket No. 67 at 23. Construing plaintiff's claim against Sergeant Griggs under the First

---

[9]To the extent plaintiff states that the confiscation of his mail is relevant to his health, he does not allege that he was denied medical treatment. *See Self v. Crum*, 439 F.3d 1227, 1233 (10th Cir. 2006)

[10]Plaintiff's proposed second amended complaint asserts a twelfth claim for relief based on Sergeant Griggs and Celia Schwartz's violations of plaintiff's First Amendment rights. *See* Docket No. 55-1 at 40-42. In this section, the Court will also consider plaintiff's First Amendment claims against Director Raemisch in his official capacity, as well as Ms. Schwartz with regard to the 2012 incident. The Court will consider plaintiff's claims against Ms. Schwartz arising out of the 2010 incident in section II.B.

Amendment, the Recommendation found that plaintiff did not sufficiently allege a viable claim for mishandling his mail because he did not show that Sergeant Griggs had an improper motive. *Id*. at 23-24.

Plaintiff objects on the grounds that the proffered reasons by prison officials for confiscating his legal mail, namely, the legitimate penological interests in safety and security, are false and that prison officials are using illegal CDOC regulations to shield Sergeant Griggs from liability. Docket No. 70 at 27.

The First Amendment protects a prisoner's right to receive mail. *Thornburgh v. Abbott*, 490 U.S. 401, 407 (1989). Prison officials may regulate that right, however, as long as the regulation is "'reasonably related to legitimate penological interests.'" *Id*. at 409 (quoting *Turner v. Safley*, 482 U.S. 78, 89 (1987)). The *Turner* test requires a court to weigh four factors: (1) whether there is a "valid, rational connection between the prison regulation and the legitimate governmental interest put forward to justify it"; (2) "whether there are alternative means of exercising the right [sic] that remain open to prison inmates"; (3) "the impact accommodation of the asserted constitutional right would have on guards, other inmates, and prison resources"; and (4) whether "obvious, easy alternatives exist that fully accommodate inmates' rights at *de minimis* cost to valid penological interests. *Jones v. Salt Lake Cnty.*, 503 F.3d 1147, 1153-54 (10th Cir. 2007) (citations omitted) (emphasis in original). When performing this analysis, courts should give "substantial deference" to prison authorities. *Frazier v. Dubois*, 922 F.2d 560, 562 (10th Cir. 1991).

Plaintiff's First Amendment claim raises three distinct issues: first, plaintiff argues that the administrative regulations promulgated by the director of the CDOC, which led to plaintiff's alleged constitutional violations, are unduly broad and do not serve the penological goal of safety or security, Docket No. 55-1 at 12-13, 19-21, 40-41; second, plaintiff argues that the BVCF Librarian, Ceila Schwartz, violated his First Amendment rights when she read the legal mail his private investigator sent to him in 2012 even though the letters were marked as privileged, *id*. at 8; and, third, plaintiff contends that Sergeant Griggs violated his First Amendment rights when he intentionally confiscated plaintiff's mail in violation of CDOC regulations.  *Id*. at 28-29, 41.

To the extent plaintiff argues that the CDOC regulations promulgated by Director Raemisch unconstitutionally infringe his First Amendment right to receive legal mail, the Court disagrees.  In order to state a plausible claim for violations of his First Amendment rights based on unconstitutional prison regulations, plaintiff must plead facts from which a plausible inference can be drawn that the regulations at issue do not satisfy the *Turner* test because they are not reasonably related to a legitimate penological interest.  *Gee v. Pacheco*, 627 F.3d 1178, 1188 (10th Cir. 2010).  Plaintiff does not make such a showing.

As to the first *Turner* element, plaintiff has not sufficiently alleged that the CDOC regulation restricting delivery of legal mail with unredacted information about victims or witnesses from criminal cases does not serve the penological interest in safety or security.  *Id*.  Although plaintiff contends that *his* personal legal mail does not pose a threat, under *Turner*, courts must focus on the purpose of the regulation in light of the

18

security implications for the institution as a whole.  *See Turner*, 482 U.S. at 91.  When viewed in light of the security needs of the BVCF, plaintiff has not pled facts from which a plausible inference can be drawn that unfettered inmate access to mail containing contact information or names of victims and/or witnesses in criminal cases will not affect prison safety or security.  Thus, the Court must defer to the reasoned judgment of the CDOC director and other prison officials who have a better understanding of the safety needs of a prison institution.  *See Turner*, 482 U.S. at 91.

As to the second *Turner* factor, the CDOC regulations at issue provide other avenues for plaintiff to receive his legal mail so long as the legal documents are sent by plaintiff's attorney and the legal documents are appropriately redacted.  *See* AR 750-03 § IV.K.7 ("Attorneys are responsible to ensure that they redact all such information"), Docket No. 55-1 at 122; *see Turner*, 482 U.S. at 90 (noting that courts should give deference to prison regulation when "other avenues" remain available for plaintiff to exercise the asserted rights).  Accordingly, plaintiff has not shown that the regulations are unduly restrictive given that he has alternative means to receive his legal mail.  *See Wolff*, 418 U.S. at 576 (noting that it is constitutional for a  state to require that attorneys specially mark communications originating from their offices to ensure that letters marked "privileged" are actually from members of the bar).

With regard to the third and fourth *Turner* factors, plaintiff does not present any alternatives to the CDOC regulations that are less restrictive than the ones implemented with regard to inmate access to legal mail.  *See Turner*, 482 U.S. at 91 ("if an inmate claimant can point to an alternative that fully accommodates the prisoner's

rights at *de minimis* cost to valid penological interests, a court may consider that as evidence that the regulation does not satisfy the reasonable relationship standard"). The Court finds that, because plaintiff has not plausibly alleged that CDOC regulation AR 750-03 § IV.K.7 is not reasonably related to legitimate penological interests, plaintiff does not sufficiently establish a First Amendment claim against Director Raemisch in his official capacity based on the promulgation of CDOC regulations.[11] *Turner*, 482 U.S. at 93; *see Wolff*, 418 U.S. at 576 (noting that the requirement that mail from attorneys to prisoners be opened in the presence of the inmates, without being read by prison officials, does not infringe prisoners' First, Sixth, or Fourteenth Amendment rights); *see also Jones*, 503 F.3d at 1155-56.

In regard to Ms. Schwartz, plaintiff alleges that, on June 25, 2012, Ms. Schwartz read his "Legal Mail" after Sergeant Griggs had confiscated it.  Docket No. 55-1 at 8. However, plaintiff also alleges that the confiscated legal mail was sent by his private investigator, and not his attorney as required by AR 300-38 § IV.B.4.  In addition, plaintiff does not claim that Ms. Schwartz read the legal mail outside of plaintiff's presence in violation of AR 750-03 § IV.K.5.  In fact, plaintiff does not allege that Ms. Schwartz acted in a manner that is inconsistent with CDOC regulations when she read his mail on June 25, 2012.  Accordingly, because plaintiff's June 25, 2012 allegation

---

[11]Plaintiff cannot show that Director Raemisch personally participated in the alleged unconstitutional violation of plaintiff's First Amendment rights because plaintiff has not established an affirmative link between the CDOC regulation and his right to access legal mail sent by his attorney.  *See Dodds v. Richardson*, 614 F.3d 1185, 1999-1200 (10th Cir. 2010) (to establish an affirmative link between a supervisor and his subordinates, plaintiff must sufficiently allege the following prongs: (1) personal involvement; (2) sufficient causal connection; and (3) culpable state of mind based on the elements of the underlying constitutional violation).

does not plausibly allege that Ms. Schwartz's intentionally acted in violation of CDOC regulations when she read his legal mail, the Court finds that plaintiff does not raise a plausible First Amendment claim against Ms. Schwartz for intentional deprivation of legal mail. *See Simkins*, 406 F.3d at 1242 (noting that mere negligence in the delay of delivery legal mail does not give rise to a constitutional violation).

Second, plaintiff alleges that plaintiff's appellate attorney sent transcripts to plaintiff which Sergeant Griggs and Ms. Schwartz seized and rejected on August 5, 2012. Docket No. 55-1 at 24. However, plaintiff provides no allegations from which the Court may draw a reasonable inference that Ms. Schwartz's rejection of plaintiff's mail on August 5, 2012 was contrary to CDOC regulations or what the "rejection" consisted of. *See id.* Therefore, the Court finds that this plaintiff's August 5, 2012 allegation does not raise a plausible First Amendment claim against Ms. Schwartz for intentional deprivation of plaintiff's legal mail. *Simkins*, 406 F.3d at 1242.

Third, plaintiff claims that, on August 25, 2012, Ms. Schwartz read "page for page and word for word, over the objections of plaintiff, directly to her, the clearly marked legal mail" sent to plaintiff "by the private investigator."[12] Docket No. 55-1 at 36. Plaintiff's allegation does not sufficiently state a viable First Amendment claim because it does not assert that Ms. Schwartz acted in violation of the CDOC regulations, which, as noted above, the Court finds do not violate plaintiff's constitutional rights. According

---

[12]Although plaintiff's amended complaint is vague as to whether Ms. Schwartz read his legal mail "word for word" in August 2010 or in August 2012, the Court will construe plaintiff's complaint liberally and consider his claim as though Ms. Schwartz read the legal mail sent by the private investigator over plaintiff's objection in August 2012. *Hall*, 935 F.2d at 1110 n.3.

to AR 750-03 § IV.K.5, all legal mail sent by to an inmate is subject to inspection for contraband and "shall be opened in the presence of the offender." Docket No. 55-1 at 122. Given that plaintiff's allegation actually supports an inference that Ms. Schwartz complied with CDOC regulations when she read plaintiff's legal mail in plaintiff's presence – even though it was not sent by an attorney – the Court finds that plaintiff's August 25, 2012 allegation does not raise a plausible First Amendment claim against Ms. Schwartz for intentional deprivation of plaintiff's legal mail. *Simkins*, 406 F.3d at 1242. Accordingly, the Court will deny plaintiff's request to amend his complaint to raise a claim against Ms. Schwartz's arising out of incidents in 2012 regarding his legal mail.

Plaintiff alleges that Sergeant Griggs intentionally withheld his legal mail in violation of CDOC regulations and unjustifiably destroyed four packages of legal mail that various individuals sent plaintiff. Docket No. 55-1 at 5, 8, 14, 24, 28-29, 35-36, 38, 41. The Court finds that these allegations plausibly assert that Sergeant Griggs acted intentionally and with an improper motive to restrict plaintiff's access to his legal mail and that Sergeant Griggs' actions were not inadvertent or negligent. *See Sallier*, 343 F.3d at 873-74 (noting that a prison official who opens and reads incoming legal mail in an arbitrary and capricious fashion violates a prisoner's First Amendment rights). Moreover, plaintiff alleges that Sergeant Griggs has exhibited a pattern of opening his legal mail outside of plaintiff's presence, even when plaintiff's mail was sent in accordance with CDOC regulations. Accordingly, the Court finds that plaintiff has sufficiently alleged a First Amendment claim against Sergeant Griggs.

## II.  MOTION TO AMEND

On March 25, 2013, plaintiff filed a motion for leave to file a second amended

complaint, Docket No. 55, and attached a proposed second amended complaint.

Docket No. 55-1.  In the proposed second amended complaint, plaintiff alleges

additional claims, adds three defendants, and supplements his factual assertions in

support of the claims raised in his original complaint.  Docket No. 55.  The following

addresses plaintiff's objections to the magistrate judge's recommended disposition of

his request to add additional defendants and claims arising out of the confiscation of his

legal mail on August 5, 2010 only.

### A.  Mr. DeCesaro

The magistrate judge recommends denying plaintiff's request to add Anthony A.

DeCesaro as a defendant in this case, finding that Mr. DeCesaro's denial of plaintiff's

grievance did not sufficiently establish Mr. DeCesaro's personal participation in the

alleged constitutional violations here.  Docket No. 67 at 29-30.

Plaintiff objects on the grounds that Mr. DeCesaro was sufficiently aware of

Sergeant Griggs' allegedly unconstitutional actions and did not act to stop or correct

Sergeant Griggs' conduct, but rather conspired with prison staff to "cover up" the

confiscation of plaintiff's mail.  Docket No. 70 at 37.

Generally, the "denial of a grievance, by itself without any connection to the

violation of constitutional rights alleged by plaintiff, does not establish personal

participation under § 1983."  *Gallagher v. Shelton*, 587 F.3d 1063, 1069 (10th Cir.

2009).  Mr. DeCesaro denied plaintiff's grievance at Step 3 because he found that the

legal material plaintiff received contained information about victims or witnesses from

plaintiff's criminal case and determined that, pursuant to AR 300-26, the unredacted

names and addresses raised a safety and security threat to the prison.  Docket No. 55-

1 at 168.  As noted above, because the regulations promulgated by the director of the

CDOC are reasonably related to legitimate penological interests, and given that there is

no claim that Mr. DeCesaro knew of or ordered Sergeant Griggs to intentionally delay

the delivery of or to read plaintiff's legal mail in violation of CDOC regulations, Mr.

DeCesaro's denial of plaintiff's grievance does not sufficiently allege an "affirmative link"

between Mr. DeCesaro and Sergeant Griggs' constitutional violation.  *See Arocho v.*

*Nafziger*, 367 F. App'x 942, 954, 955 (10th Cir. 2010) (the Tenth Circuit does not "rule

out the possibility of liability where the officer denying a grievance has an independent

responsibility for the wrong in question and the grievance provides the necessary notice

of the wrong or the effective means to correct it," but such allegations require "plausible

factual specification").  Accordingly, the Court finds no error with this aspect of the

Recommendation.

### B.   Ms. Schwartz

The Recommendation found that plaintiff's proposed claim against Ms. Schwartz

arising out of the confiscation of plaintiff's legal mail on August 5, 2010 was barred by

Colorado's two year statute of limitations.  Docket No. 67 at 31-33.  Specifically, the

Recommendation concluded that plaintiff's allegations with regard to Ms. Schwartz did

not relate back to the original complaint pursuant to Rule 15(c) of the Federal Rules of

Civil Procedure because there were no allegations that Ms. Schwartz ever received

notice of this case or should have known that this action would be brought against her but for a case of mistaken identity.  *Id*.

Plaintiff objects, arguing that he intended to name Ms. Schwartz in the original complaint filed on July 23, 2012, but the pleading was omitted.  Docket No. 70 at 4.  In addition, plaintiff argues that he made a mistake when he failed to add Ms. Schwartz to the original complaint.  *Id*. at 37-38.

Under Rule 15(c)(1)(C), an amendment that adds a new party relates back to the complaint when the new party to be brought in by the amendment (1) "received such notice of the action that it will not be prejudiced in defending on the merits" and (2) "knew or should have known that the action would have been brought against it, but for a mistake concerning the proper party's identity."[13]  Fed. R. Civ. P. 15(c)(1)(C)(i)-(ii).  Although plaintiff argues that he made a mistake in not adding Ms. Schwartz to the complaint, the relevant inquiry under Rule 15(c) is not plaintiff's mistake in not naming a defendant, but whether Ms. Schwartz should have known that she would be named in a complaint, but the complaint mistakenly named a different person.[14]  *See Garrett v. Fleming*, 362 F.3d 692, 696 (10th Cir. 2004).  Plaintiff does not allege that Ms. Schwartz should have known she would be included in a complaint for her role in the August 5,

---

[13]Plaintiff does not object to the magistrate judge's finding that the statute of limitations for his claims started on August 5, 2010, that the applicable statute of limitations is two years in Colorado, Colo. Rev. Stat. § 13-80-102, and that he is not entitled to equitable tolling.  *See Braxton v. Zavaras*, 614 F.3d 1156, 1161 (10th Cir. 2010) (noting that equitable tolling applies when defendant has wrongfully impeded plaintiff's ability to bring the claim or truly extraordinary circumstances presented themselves).

[14]Plaintiff's original complaint named only three defendants and did not raise claims against unidentified John Doe defendants.  Docket No. 1 at 1.

2010 confiscation of mail and there are no allegations in the original complaint from which a plausible inference may be drawn that she should have known that she would be an intended defendant. Moreover, plaintiff does not sufficiently allege that Ms. Schwartz had notice, constructive or otherwise, of this case before plaintiff filed the original complaint. Accordingly, the Court finds no error with this aspect of the Recommendation.[15] *See Garrett*, 362 F.3d at 696.

### C. August 5, 2010 Denial of Mail by Sergeant Griggs

The Recommendation denied plaintiff's request to amend his complaint to add a claim against Sergeant Griggs based on Sergeant Griggs' confiscation of legal mail on August 5, 2010, finding that the "incident did not *arise out of* the conduct, transaction, or occurrence set out in Plaintiff's original Complaint." Docket No. 67 at 33.

Plaintiff objects arguing that his claim arising out of the August 5, 2010 confiscation of mail cannot be time barred with regard to Sergeant Griggs because it was raised in the original complaint, which was filed before the statute of limitations period expired. Docket No. 70 at 31, 38.

The Court agrees with plaintiff. Because plaintiff's original complaint alleges that Sergeant Griggs seized his legal mail sometime in 2010, Docket No. 1 at 4-5, the Court finds that plaintiff's claim asserted against Sergeant Riggs based on the confiscation of legal mail on August 5, 2010 is timely because it relates back to plaintiff's original complaint. Fed. R. Civ. P. 15(c)(1)(B).

---

[15]As noted above, the Court finds that plaintiff does not sufficiently state a claim against Ms. Schwartz arising out of the 2012 confiscation of his legal mail. Accordingly, the Court will not add Ms. Schwartz as a defendant in this case.

### D.   Compensatory Damages

With regard to plaintiff's request to amend the complaint to seek compensatory damages, the Recommendation found that, because plaintiff does not allege any physical injury, he is barred from seeking monetary damages for mental or emotional harm pursuant to the Prison Litigation Reform Act ("PLRA"), 42 U.S.C. § 1997e. Docket No. 67 at 33-34.

Plaintiff objects, arguing that he is seeking compensatory damages for his out of pocket loss caused by Sergeant Griggs' actions.  Docket No. 70 at 38-39.

The Recommendation is correct insofar as plaintiff cannot recover compensatory damages for mental or emotional harm absent an allegation of physical injury.  *See Searles v. Van Bebber*, 251 F.3d 869, 876 (10th Cir. 2001). However, the plain language of the PLRA does not bar the recovery of compensatory damages for financial or economic harm.  *See* 42 U.S.C. § 1997e(e); *see also Robinson v. Page*, 170 F.3d 747, 748 (7th Cir. 1999) (indicating in dicta that suit for damages resulting from prison officials' seizure of inmate's property without due process should not be dismissed merely because inmate alleges emotional suffering resulting from the same incident); *Thompson v. Carter*, 284 F.3d 411, 418 (2d Cir. 2002) (prisoner sought damages for allegedly unconstitutional confiscation of medicine from his cell); *Calhoun v. DeTella*, 319 F.3d 936, 940-41 (7th Cir. 2003) (listing cases); *Malik v. City of New York*, 2012 WL 3345317, at *16 (S.D.N.Y. Aug. 15, 2012).  Accordingly, plaintiff may amend his complaint to seek compensatory damage for financial loss allegedly flowing from defendants' actions.

### E.  Punitive Damages

With regard to plaintiff's request for punitive damages, the Recommendation found that plaintiff did not allege that Sergeant Griggs was motivated by evil motive or intent when he committed the allegedly unlawful conduct.  Docket No. 67 at 28. Therefore, the magistrate judge recommends denying plaintiff's request for punitive damages for failure to state a claim.  *Id*.

Plaintiff objects, arguing that Sergeant Griggs acted with an improper motive because Sergeant Griggs opened his legal mail, read the mail, and passed the mail around to other members of the prison staff in violation of state and federal law.  Docket No. 70 at 28.  In addition, plaintiff alleges that Sergeant Griggs refused to allow him any due process as he held on to the packages without giving plaintiff an opportunity to return the packages to their senders and Sergeant Griggs lost four out of the five packages containing legal materials plaintiff received in this case.  *Id*. at 29, 31-32.

Generally, "[p]unitive damages are available in § 1983 actions [and] are to be awarded only when the defendant's conduct is shown to be motivated by evil motive or intent, or when it involves reckless or callous indifference to the federally protected rights of others."  *Jolivet v. Deland*, 966 F.2d 573, 577 (10th Cir. 1992).  Here, the Court finds that plaintiff's allegations plausibly raise a claim for punitive damages as plaintiff asserts that Sergeant Griggs intentionally delayed delivery of his mail and read his legal mail outside of plaintiff's presence, even though Sergeant Griggs knew or was aware of the administrative regulations restricting his ability to do so.  *See* Docket No. 70 at 28-

32; Docket No. 55-1 at 16-17.  Accordingly, the Court will overrule this aspect of the Recommendation.

## III.  CONCLUSION

For the foregoing reasons, it is

**ORDERED** that the Recommendation of Magistrate Judge [Docket No. 67] is **ACCEPTED** in part and **REJECTED** in part as indicated in this Order.  It is further

**ORDERED** that defendants' Motion to Dismiss [Docket No. 19] is **GRANTED** in part and **DENIED** in part.  It is further

**ORDERED** that plaintiff's Motion for Leave to File an Amended Complaint [Docket No. 55] is **GRANTED** in part and **DENIED** in part.  It is further

**ORDERED** that plaintiff's first claim for relief for violations of his due process rights based on the confiscation of his legal mail is dismissed without prejudice.  It is further

**ORDERED** that plaintiff's second, third, fifth, and eighth claims for relief for denial of access to courts in violation of his First Amendment rights are dismissed with regard to his Michigan state court conviction and the federal habeas petition filed in this district.  Plaintiff may proceed with his second, third, fifth, and eighth claims for relief for the denial of his access to courts in violation of his First Amendment rights based on his alleged inability to file post conviction pleadings in connection with his Colorado state court conviction and his Florida state court conviction.  It is further

**ORDERED** that plaintiff's fourth claim for relief based on violations of his Sixth Amendment right to counsel is dismissed with prejudice.  It is further

**ORDERED** that plaintiff's sixth and seventh claims for relief based on violations of the Equal Protection Clause are dismissed with prejudice.  It is further

**ORDERED** that plaintiff's ninth claim for relief based on violations of his Fourth Amendment rights and plaintiff's tenth claim for relief based on violations of his attorney-client privilege are dismissed with prejudice.  It is further

**ORDERED** that plaintiff's eleventh claim for relief based on violations of his Eighth Amendment rights is dismissed with prejudice.  It is further

**ORDERED** that plaintiff's Motion for Leave to File an Amended Complaint [Docket No. 55] is DENIED with respect to plaintiff's proposed twelfth claim for relief for violations of his First Amendment rights against Richard Raemisch and Ms. Schwartz. Plaintiff may proceed with his First Amendment claims against Sergeant Griggs.  It is further

**ORDERED** that plaintiff's claim for punitive damages against Sergeant Griggs survives.  It is further

**ORDERED** that plaintiff's Motion for Leave to File an Amended Complaint [Docket No. 55] is GRANTED with respect to his proposed claim for compensatory damages to remedy his alleged economic losses.  It is further

**ORDERED** that plaintiff shall file an amended complaint that complies with this Order on or before **Monday, October 28, 2013**.

DATED September 30, 2013.

BY THE COURT:


  s/Philip A. Brimmer
PHILIP A. BRIMMER
United States District Judge