IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF COLORADO
**Judge Philip A. Brimmer**

Civil Action No. 12-cv-01921-PAB-KMT

DELMART E.J.M. VREELAND, II,

    Plaintiff,

v.

SERGEANT GRIGGS, CDOC/BVCF Mailroom,

    Defendants.
_____

**ORDER**
_____

This matter is before the Court on Plaintiff's Objection to the United States Magistrate's Order [Docket No. 84] filed by plaintiff Delmart E.J.M. Vreeland, II. In light of plaintiff's pro se status, the Court reviews his filings liberally. *See Haines v. Kerner*, 404 U.S. 519, 520 (1972); *Hall v. Bellmon*, 935 F.2d 1106, 1110 n. 3 (10th Cir. 1991).

On October 17, 2013, plaintiff filed a motion for the appointment of counsel [Docket No. 78]. Plaintiff, an indigent prisoner, argued that the appointment of counsel was necessary to enable plaintiff to acquire documents relevant to proving his claims. Docket No. 78 at 3-4. On October 21, 2013, the magistrate judged denied plaintiff's motion, finding that plaintiff had demonstrated an ability to prosecute his claims. Docket No. 80 at 2. Specifically, the magistrate judged noted that plaintiff successfully defended many of his claims against defendants' motion to dismiss [Docket No. 19] and that plaintiff could address his concerns regarding discovery by filing a motion to compel pursuant to Fed. R. Civ. P. 37. Docket No. 80 at 2. In the present motion,

plaintiff requests that the Court reverse the magistrate judge's order and appoint counsel. Docket No. 84 at 6. Plaintiff also filed a motion asking the Court for an expedited ruling. Docket No. 100 at 2-3.

Generally, district courts review magistrate judges' orders regarding nondispositive motions under a "clearly erroneous or contrary to law" standard. 28 U.S.C. § 636(b)(1)(A); Fed. R. Civ. P. 72(a). Under this standard of review, a magistrate judge's finding should not be rejected merely because the Court would have decided the matter differently. *See Anderson v. City of Bessemer City*, 470 U.S. 564, 573 (1985). A district court must affirm a magistrate judge's decision unless "'on the entire evidence[, the district court] is left with the definite and firm conviction that a mistake has been committed.'" *Ocelot Oil Corp. v. Sparrow Indus.*, 847 F.2d 1458, 1464 (10th Cir. 1988) (quoting *United States v. U.S. Gypsum Co.*, 333 U.S. 364, 395 (1948)); *Allen v. Sybase, Inc.*, 468 F.3d 642, 658 (10th Cir. 2006).

Civil litigants have no constitutional right to counsel. *Johnson v. Johnson*, 466 F.3d 1213, 1217 (10th Cir. 2006). However, the Court has discretion to request an attorney to represent an incarcerated, pro se plaintiff who is unable to afford private counsel. 28 U.S.C. § 1915(e)(1). A pro se plaintiff's request for the appointment of counsel must be evaluated in light of "the merits of a prisoner's claims, the nature and complexity of the factual and legal issues, and the prisoner's ability to investigate the facts and present his claims." *Hill v. SmithKline Beecham Corp*, 393 F.3d 1111, 1115 (10th Cir. 2004). "The burden is upon the applicant to convince the court that there is sufficient merit to his claim to warrant the appointment of counsel." *McCarthy v.*

*Weinberg*, 753 F.2d 836, 838 (10th Cir. 1985).

Plaintiff requests the appointment of counsel for several reasons. First, he argues that, without an attorney, he will not be permitted to access certain documents relevant to his claims. Docket No. 84 at 4. Second, plaintiff argues that he requires an attorney to gain access to physical evidence and gather information from the United States Postal Service website. *Id.* at 5. Third, plaintiff claims that only appointed counsel can properly litigate his case. *Id.* at 6.

The Court find no clear error in the magistrate judge's findings. With respect to the merits of plaintiff's claims, four of plaintiff's First Amendment claims survived a motion to dismiss. However, the Court agrees with the magistrate judge that plaintiff's remaining First Amendment claims are not particularly complex or difficult to analyze. Plaintiff's filings up to this point have demonstrated an understanding of the legal and factual issues at stake. *See Steffey v. Orman*, 461 F.3d 1218, 1224 (10th Cir. 2006) (noting that indigent prisoner "adequately presented the factual and legal basis of his claim and demonstrated that he understood the basics of his due-process property interest claim"). With respect to plaintiff's concerns regarding discovery, plaintiff has filed a request for production [Docket No. 99] and a motion seeking to resolve outstanding discovery disputes [Docket No. 101], which demonstrate his ability to use the Federal Rules of Civil Procedure to conduct discovery and resolve discovery-related disputes. Plaintiff's assertion that an attorney is necessary to properly litigate this case is, by itself, insufficient for the Court to find that appointment of counsel is warranted at this time. *See Toevs v. Reid*, 685 F.3d 903, 916 (10th Cir. 2012) (holding that, where indigent prisoner showed ability to effectively prosecute his claims, indigent prisoner's

assertion that appointed counsel would assist "in presenting his strongest possible case" was insufficient to justify appointment of counsel).

The Court next turns to plaintiff's motion for a ruling.  Plaintiff's motion alleges that he was excused from his inmate job assignment and was placed on lockdown. Docket No. 100 at 2-3.  However, plaintiff fails to show how those recent events have frustrated his ability to prosecute his claims to the point where the appointment of counsel is warranted.

For the foregoing reasons, it is

**ORDERED** that Plaintiff's Objection to the United States Magistrate's Order [Docket No. 84] is **OVERRULED**.  It is further

**ORDERED** that plaintiff's Motion to District Judge Philip A. Brimmer for a Ruling on Outstanding Objections and Motions [Docket No. 100] is **DENIED** as moot.

DATED February 18, 2014.

                                         BY THE COURT:

                                         s/Philip A. Brimmer
                                         PHILIP A. BRIMMER
                                         United States District Judge