IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF COLORADO
**Magistrate Judge Kathleen M. Tafoya**

Civil Action No. 12–cv–01921–PAB–KMT

DELMART E.J.M. VREELAND, II,

    Plaintiff,

v.

SERGEANT GRIGGS, CDOC/BVCF Mailroom,

    Defendant.

# ORDER

This matter is before the court on Plaintiff's "Motion for Leave to Amend Relief Requested in Complaint" (Doc. No. 107 [Mot.], filed February 24, 2014). Defendant filed his response on March 26, 2014 (Doc. No. 118 [Resp.]) and a supplement response on April 2, 2014 (Doc. No. 126 [Supplemental Resp.]).

Plaintiff seeks to amend the relief he seeks because he feels "the damages would be different given the length of time it would take to resolve [the case], and or place the case before a jury." (*Id.* at 107.) Pursuant to Fed. R. Civ. P 15(a), the court is to freely allow amendment of the pleadings "when justice so requires." The grant or denial of an opportunity to amend is within the discretion of the court, but "outright refusal to grant the leave without any justifying reason appearing for the denial is not an exercise of discretion; it is merely abuse of that discretion and inconsistent with the spirit of the Federal Rules." *Foman v. Davis*, 371 U.S. 178,

182 (1962). "Refusing leave to amend is generally only justified upon a showing of undue delay, undue prejudice to the opposing party, bad faith or dilatory motive, failure to cure deficiencies by amendments previously allowed, or futility of amendment." *Frank v. U.S. West, Inc.*, 3 F.3d 1357, 1365 (10th Cir. 1993).

First, Plaintiff seeks to increase the amount of punitive and compensatory damages he seeks. (*See* Doc. No. 107-1, ¶¶ 1–3.) Plaintiff also seeks all court costs and fees. (*Id.*, ¶ 4.) Absent prejudice to the defendant, an amendment to increase damages is typically allowed. *See Armand v. Osborn*, No. 11-cv-482(NGG)(CLP), 2014 WL 723381, at *10 (E.D.N.Y. Feb. 19, 2014); *Sullivan v. County of Suffolk*, CV 04-3651, 2006 WL 2844205, at *11 (E.D.N.Y. June 1, 2006). *Cf. Marson v. Jones & Laughlin Steel Corp.*, 87 F.R.D. 151 (E.D.Wis.1980) (holding plaintiff could not add a five million dollar punitive damage claim four years after initial complaint). Though Plaintiff does not provide any basis for an increase in damages, and he fails to articulate why these damages were not sought in prior amendments, Defendant does not oppose Plaintiff's request to increase the amount of damages sought. Nor does Defendant oppose Plaintiff's request for costs and fees. Therefore, Plaintiff's motion to amend the amount of punitive and compensatory damages and his motion to amend to include court costs and fees (Doc. No. 107-1, ¶¶ 1–4) is granted.

Next, Plaintiff seeks to amend his complaint to add requests for declaratory relief. (*See* Doc. No. 107-1, ¶¶ 5–8.) Plaintiff seeks a declaration that the defendant impeded his rights to post-conviction relief. (*Id.*, ¶ 6.) However, even if the court were to grant his request, the declaratory judgment would not "affect[ ] the behavior of the defendant toward the plaintiff,"

because Defendant would not be required to take any course of action. *See Rhodes v. Stewart*, 488 U.S. 1, 4 (1988). In other words, Plaintiff is seeking a retrospective opinion that the defendant wrongly harmed him, which is an impermissible use of a declaratory judgment. *See Ashcroft v. Mattis*, 431 U.S. 171, 172 (1977) (holding that a claim for declaratory relief was moot where the "primary claim of a present interest in the controversy is that [the plaintiff] will obtain emotional satisfaction from [the] ruling"); *Green v. Branson*, 108 F.3d 1296, 1299 (10th Cir. 1997) ("This 'legal interest' must be more than simply the satisfaction of a declaration that a person was wronged."). Therefore, Plaintiff's motion to amend to include this claim for declaratory relief is denied.

Plaintiff also seeks an "Order declaring that [he is] entitled to a full waiver of the exhaustion rules as defined by 28 U.S.C. § 2254 in federal habeas corpus applications" in Colorado, Florida, and Michigan (Doc. No. 107-1, ¶ 5) and "an order declaring that the one year time bar for filing a [federal habeas corpus application] is waived. . ." (*id.*, ¶ 7). The affirmative defenses of timeliness under 28 U.S.C. § 2244(d) and/or exhaustion of state court remedies under 28 U.S.C. § 2254(b)(1)(A) must be raised by the respondent in a habeas corpus case. *See Kilgore v. Attorney General*, 519 F.3d 1084, 1089 (10th Cir. 2008) (holding that the general rule in civil cases is that affirmative defenses must be raised by the respondent). Where a prisoner seeks a declaratory judgment as to the validity of a defense the state may, or may not, raise in a habeas corpus proceeding, such a suit does not allow the resolution of a case or controversy, but rather attempts to gain a litigation advantage by obtaining an advance ruling on an affirmative defense. *Calderon v. Ashmus*, 523 U.S. 740, 747 (1998). This is an improper purpose for the

use of the Declaratory Judgment Act. *Calderon*, 523 U.S. at 746. Therefore, Plaintiff's motion to amend his complaint to seek these claims for declaratory relief is denied.

Plaintiff also seeks an order vacating his Colorado state court criminal convictions and releasing him from prison. (Doc. No. 107-1, ¶ 8.) Plaintiff may not challenge the validity of his criminal convictions in an action for money damages pursuant to 42 U.S.C. § 1983. *See Heck v. Humphrey*, 512 U.S. 477 (1994). In *Heck*, the United States Supreme Court held that if a judgment favorable to a plaintiff in a § 1983 action necessarily would imply the invalidity of the plaintiff's criminal conviction or sentence, the § 1983 action does not arise until the "conviction or sentence has been reversed on direct appeal, expunged by executive order, declared invalid by an authorized state tribunal or called into question by a federal court's issuance of a writ of habeas corpus, 28 U.S.C. § 2254." *Heck*, 512 U.S. at 486–87.

Though Plaintiff states that he noes not wish to invalidate his conviction (*see* Doc. No. 107-1, ¶ 8), a judgment in favor of Plaintiff as to this request for relief necessarily would imply the invalidity of his state court criminal proceedings. Plaintiff does not allege or otherwise demonstrate that his conviction has been invalidated. Accordingly, his attempt to challenge his state criminal proceeding and conviction is barred by *Heck*. Thus, because Plaintiff's request for injunctive relief under § 1983 has not yet accrued, his motion to add this claim for relief is denied.

Finally, Plaintiff seeks injunctive relief preventing the CDOC from denying offenders access to their criminal case files. (Doc. No. 107-1, ¶ 9.) *Pro se* prisoner plaintiffs may not bring claims on behalf of other prisoners. *Tijerina v. Offender Mgmt. Review Comm.*, 91 F.

App'x 86, 88 (10th Cir. 2004) (citing *Fymbo v. State Farm Fire & Cas. Co.*, 213 F.3d 1320, 1321 (10th Cir. 2000)).  Therefore, Plaintiff's motion to amend to add a claim for injunctive relief on behalf of other prisoners is denied.

Therefore, for the foregoing reasons, it is

**ORDERED** that Plaintiff's "Motion for Leave to Amend Relief Requested in Complaint" (Doc. No. 107) is **GRANTED** in part and **DENIED** in part.  The motion is **GRANTED** to the extent that paragraph numbers 1 through 4 in Plaintiff's Amended Relief Requested (Doc. No. 107-1) are accepted and are deemed substituted for paragraphs 1 though 4 of the Request for Relief in Plaintiff's previously-filed Amended Complaint (Doc. No. 89 at 27). The motion is **DENIED** in all other respects.[1]

Dated this 7th day of April, 2014.

BY THE COURT:

_Kathleen M. Tafoya_
Kathleen M. Tafoya
United States Magistrate Judge

---

[1] A motion to amend a pleading is generally viewed as a non-dispositive matter that can be ruled on by a magistrate judge under 28 U.S.C. § 636(b)(1)(A). *See Franke v. ARUP Labs., Inc.*, 390 F. A'ppx 822, 828 (10th Cir. 2010) (Plaintiff's "motion to amend was a nondispositive pretrial matter that the magistrate judge was authorized to decide pursuant to 28 U.S.C. § 636(b)(1)(A)."); *Lariviere, Grubman & Payne, LLP v. Phillips*, No. 07–cv–01723, 2010 WL 4818101, at *5 (D. Colo. Nov. 9, 2010) ("Generally a motion to amend a complaint is considered a nondispositive motion because it involves pretrial matters not dispositive of a claim or defense of a party within the purview of Fed.R.Civ.P. 72(a).") (quotation marks and brackets omitted).