IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF COLORADO
**Judge Philip A. Brimmer**

Civil Action No. 12-cv-01921-PAB-KMT

DELMART E.J.M. VREELAND, II,

      Plaintiff,

v.

SERGEANT GRIGGS, CDOC/BVCF Mailroom,

      Defendant.

_____

# ORDER

_____

This matter is before the Court on the Motion for Reconsideration and or to Alter

and or Amend Portions of the September 30, 2013 Order of this Court [Docket No. 82]

filed by plaintiff Delmart E.J.M. Vreeland, II.  The background facts are set forth

elsewhere and need not be restated here except as relevant to resolving the instant

motion.  *See generally* Docket No. 67; Docket No. 76.

On September 30, 2013, the Court dismissed plaintiff's claims for denial of

access to courts as related to plaintiff's inability to pursue post conviction remedies

related to his Michigan state court case and dismissed plaintiff's equal protection claim.

Docket No. 76 at 29-30.  The Court also denied plaintiff's motion to amend the

complaint to add a claim against Celia Schwartz. *Id.* at 25-26.  Plaintiff asks the Court

to reconsider its September 30, 2013 order on these claims and issues and further

requests that the above-mentioned claims be reinstated.  Docket No. 82 at 6.

The Federal Rules of Civil Procedure do not specifically provide for motions for

reconsideration, *see Hatfield v. Bd. of County Comm'rs for Converse County*, 52 F.3d 858, 861 (10th Cir. 1995), and, where a party files a motion for reconsideration prior to the entry of judgment or of a final order, Rules 59(e) and 60(b) do not apply.  *Houston Fearless Corp. v. Teter*, 313 F.2d 91, 92 (10th Cir. 1962).  Instead, plaintiff's motion falls within a court's plenary power to revisit and amend interlocutory orders as justice requires.  *See Paramount Pictures Corp. v. Thompson Theatres, Inc.*, 621 F.2d 1088, 1090 (10th Cir. 1980) (citing Fed. R. Civ. P. 54(b)); *see also Houston Fearless Corp.*, 313 F.2d at 92.  However, in order to avoid the inefficiency which would attend the repeated re-adjudication of interlocutory orders, judges in this district have imposed limits on their broad discretion to revisit interlocutory orders.  *See, e.g.*, *Montano v. Chao*, No. 07-cv-00735-EWN-KMT, 2008 WL 4427087, at *5-6 (D. Colo. Sept. 28, 2008) (applying Rule 60(b) analysis to the reconsideration of interlocutory order); *United Fire & Cas. Co. v. McCrerey & Roberts Constr. Co.*, No. 06-cv-00037-WYD-CBS, 2007 WL 1306484, at *1-2 (D. Colo. May 3, 2007) (applying Rule 59(e) standard to the reconsideration of the Duty-to-Defend Order); *M.M. v. Zavaras*, 939 F. Supp. 799, 801 (D. Colo. 1996) (applying law of the case doctrine to motion for reconsideration of interlocutory order).  Regardless of the analysis applied, the basic assessment tends to be the same: courts consider whether new evidence or legal authority has emerged or whether the prior ruling was clearly in error.

Here, plaintiff does not assert new evidence or legal authority.  Thus, plaintiff must establish that the Court's prior ruling was clearly in error.

In the September 30, 2013 Order, the Court found that plaintiff insufficiently

alleged that his appeal of the Michigan judgment was not frivolous.  Docket No. 76 at 8.

Plaintiff challenges this finding.  Docket No. 82 at 2.  In support of his argument, plaintiff

cites to the amended complaint in this case,[1] namely, his allegation that, in June 2012,

a copy of the Michigan case file was mailed to him because he intended to file post

conviction remedies and that defendants' alleged seizure of those files rendered him

unable to "raise his non-frivolous claims."  Docket No. 55-1 at 20.  The Tenth Circuit

has noted that, where "the underlying case was adversely decided on the basis of a

deficiency logically and practically unrelated to the impediment created by the right-of-

access defendants, courts have held that the plaintiff has suffered no actual injury

associated with their constitutional misconduct."  *Simkins v. Bruce*, 406 F.3d 1239,

1244 (10th Cir. 2005) (citing *Deleon v. Doe*, 361 F.3d 93, 94 (2d Cir. 2004)).  As the

documents attached to the amended complaint indicate, plaintiff attempted to appeal

the Michigan trial court's order denying plaintiff the right to withdraw his plea.  Docket

No. 55-1 at 180.  On November 22, 2011, the Michigan Court of Appeals dismissed

plaintiff's appeal for lack of jurisdiction, explaining that plaintiff was attempting to appeal

a non-final order, was not entitled to an appeal as a matter of right, and may seek an

appeal only by applying for leave to file an emergency appeal under Michigan Court

Rule 7.205(F).  Docket No. 55-1 at 170.  Thus, plaintiff's inability to pursue post

conviction relief in Michigan state courts was due to circumstances that existed before

Sergeant Griggs' alleged seizure of plaintiff's legal mail in 2012.  Plaintiff's allegation

that he intended to pursue "non-frivolous" claims is conclusory and the amended

---

[1]All references to the "amended complaint" are to plaintiff's proposed amended
complaint, Docket No. 55-1, unless otherwise indicated.

complaint contains no factual allegations upon which to conclude that an application for an emergency appeal was non-frivolous. As such, plaintiff fails to sufficiently allege that he suffered an injury as a result of Sergeant Griggs' actions in 2012.

Plaintiff next argues that he should be permitted to maintain his claim based upon an alleged inability to file a habeas petition in Michigan. Docket No. 82 at 3-4. Plaintiff claims that, because defendants denied him access to the legal files he requested in June 2012, plaintiff did not have access to the necessary information with which to file a habeas petition. *Id.* The Court is not convinced that this particular claim is reasonably apparent from the allegations in plaintiff's original complaint or amended complaint, and plaintiff does not otherwise explain why he failed to raise this argument in his objection to the magistrate judge's recommendation. *See* Docket No. 55-1 at 19; Docket No. 70 at 21. Moreover, plaintiff's allegation that he intended to pursue a "non-frivolous" habeas petition is conclusory and plaintiff does not otherwise explain why, had plaintiff been able to access the allegedly withheld legal documents, his habeas petition would have been non-frivolous. *See Wardell v. Duncan*, 470 F.3d 954, 959 (10th Cir. 2006) ("Conclusory allegations of injury in this respect will not suffice."). Plaintiff has therefore failed to establish that the Court's dismissal of this claim was clearly in error.

Plaintiff requests that he be permitted to assert a claim concerning Ms. Schwartz' alleged 2010 confiscation of legal mail. Docket No. 82 at 4-5. Plaintiff sought to add this claim in the amended complaint, but the Court agreed with the Recommendation and concluded that this claim was barred by the statute of limitations and that the proposed amendment did not relate back to the original complaint. Docket No. 76 at

24-25.  Plaintiff argues that, because the alleged confiscation impeded his ability to

communicate with counsel, his First Amendment rights were violated.  Docket No. 82 at

4-5.  Plaintiff fails to address the procedural deficiencies of his proposed claim and, as

a result, fails to identify any error in the Court's ruling.  Plaintiff's request for relief on

this issue is therefore denied.

Finally, plaintiff requests that the Court reconsider its dismissal of plaintiff's equal

protection claims.  Docket No. 82 at 6.  Plaintiff claims that the amended complaint

contained sufficient allegations to show that the Colorado Department of Corrections

("CDOC") has treated other similarly-situated inmates differently, *id.*, namely: "Plaintiff is

denied his legal documents because they contain the names of witnesses and alleged

victims.  Other inmates who are similarly situated, i.e., in prison, litigating pro se, were

allowed to have these same exact legal documents sent to them," Docket No. 55-1 at

32, and "Plaintiff can supply a list of 50 names at minimum of inmates who currently

have posess[ion] of their court files with the exact information defendants claim Plaintiff

can not [sic] have," *id.* at 59.  In ruling on the motion to dismiss, the Court considered

the allegations upon which plaintiff now relies, *see* Docket No. 67 at 20; Docket No. 76

at 11, and, other than appearing to claim that the Court failed to consider the cited

allegations, plaintiff fails to explain how such allegations are sufficient to meet the

relevant standard.  As a result, plaintiff does not identify any specific error that would

otherwise merit granting the relief he seeks.  As the Court previously found, the fact that

other prisoners are provided legal documents does not indicate that they had access to

the names of witnesses and victims.  Plaintiff did not address the fact that CDOC

regulations prohibit access to "victim information; phone numbers, addresses, social

security, SID, or FBI numbers of victims, witnesses or employees" and fails to further

allege that the CDOC applies these regulations disproportionately.  Docket No. 55-1 at

122.  Plaintiff has failed to establish that the Court's ruling on this claim was clearly in

error.

For the foregoing reasons, it is

**ORDERED** that plaintiff's Motion for Reconsideration and or to Alter and or

Amend Portions of the September 30, 2013 Order of this Court [Docket No. 82] is

**DENIED**.

DATED August 26, 2014.

BY THE COURT:

s/Philip A. Brimmer
PHILIP A. BRIMMER
United States District Judge