IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF COLORADO

Civil Action No. 12–cv–01921–PAB–KMT

DELMART E.J.M. VREELAND, II,

      Plaintiff,

v.

SERGEANT GRIGGS, CDOC/BVCF Mailroom,

      Defendant.

---

## ORDER

---

      This matter is before the court on Plaintiff's "Motion for Sanction Against Defendant's Counsel and the CDOC-CTCF Employees for the Very Swift Retaliation they Subjected Herein Plaintiff to as a Result of Plaintiff Filing of Plaintiff's 'Motion for Leave to Submit Newly Obtained Evidences and Facts in Support of Plaintiff's Response in Opposition to Summary Judgment' " (Doc. No. 230, filed August 13, 2015).

      Plaintiff seeks sanctions against Defendant Griggs' counsel in this case and against non-parties at CTCF for their alleged retaliation against him in response to his motion supplement the summary judgment record. (*Id.*) Plaintiff alleges, after he filed the motion to supplement, various CTCT officers searched documents Plaintiff had in his possession related to this case. (*Id.* at 2-4.) Later that evening, Plaintiff alleges he was told that he "was going to be transferred to a higher level security facility, and possibly out of the State of Colorado as retaliation for filing so many complaints with the court." (*Id.* at 4.)

To the extent Plaintiff request sanctions against non-party CDOC employees, it is well-established law that prison management functions should be left to the broad discretion of prison administrators to enable them to manage prisons safely and effectively. *See, e.g.*, *Meachum v. Fano*, 427 U.S. 215 (1976).   Indeed, the Tenth Circuit has stated that it "abhor[s] any situation or circumstance requiring the intervention of the federal courts in matters involving the administration, control and maintenance by the sovereign states of their penal systems.   It is a delicate role assigned to the federal courts to display that restraint so necessary 'in the maintenance of proper federal-state relations.' "   *Battle v. Anderson*, 564 F.2d 388, 392 (10th Cir.1977) (citation omitted).

To the extent Plaintiff requests sanctions against Defendant Griggs' counsel, Plaintiff has failed to identify any conduct that warrants sanctions.

Plaintiff's motion for sanctions (Doc. No. 230) is **DENIED**.

Dated this 28th day of August, 2015.

BY THE COURT:

Kathleen M. Tafoya
United States Magistrate Judge

2