IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF COLORADO
Magistrate Judge Kathleen M. Tafoya

Civil Action No. 12–cv–01921–PAB–KMT

DELMART E.J.M. VREELAND, II,

      Plaintiff,

v.

SERGEANT GRIGGS, CDOC/BVCF Mailroom,

      Defendant.

## ORDER

      This matter is before the court on Plaintiff's "Motion to Stay Order of Costs Until Conclusion of Appeal" (Doc. No. 253, filed November 6, 2015).

      Plaintiff seeks a stay of the order granting costs to the defendant until the conclusion his appeal in the Tenth Circuit Court of Appeals. Federal Rule of Civil Procedure 62(d) provides that, "[i]f an appeal is taken, the appellant may obtain a stay by supersedeas bond . . . . The stay takes effect when the court approves the bond." Fed. R. Civ. P. 62(d). Rule 62(d) does not provide for any waiver of the bond requirement, and the Tenth Circuit has held that "a full supersedeas bond should be the requirement in normal circumstances." *Miami Int'l Realty Co. v. Paynter*, 807 F.2d 871, 873 (10th Cir. 1986). The supersedeas bond shall include the amount of costs due. *See*, *e.g.*, *United States ex rel. Sun Const. Co. v. Torix Gen. Contractors, LLC*, Civil No. 07-cv-01355-LTB-MJW, 2011 WL 2182897, at *3 (D. Colo. June 6, 2011) (including costs in supersedeas bond).

Therefore, it is **ORDERED** that the "Motion to Stay Order of Costs Until Conclusion of Appeal" (Doc. No. 253) is **DENIED** without prejudice. If Plaintiff wishes to stay the order of costs, he must post with the Clerk of Court a supersedeas bond in the amount of $229.50. Following posting of the supersedeas bond, Plaintiff may file a motion for approval of the bond and to stay the order awarding costs.

Dated this 9th day of November, 2015.

BY THE COURT:

Kathleen M. Tafoya
United States Magistrate Judge